IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                                     Case No. 07-10009-01-JTM

                                              Case No. 16-1277-JTM

Timothy J. Olivas,

    Defendant.

MEMORANDUM AND ORDER

Defendant Timothy Olivas has moved *pro se* to vacate his sentence as unconstitutional in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that the term "crime of violence" as used in residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. *See also United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015).

The defendant was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and disposing of a firearm to an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(d)(3). In exchange for his plea of guilty, five other counts in the Superseding Indictment were dismissed. In addition, the State of Kansas agreed not to prosecute Olivas for any crimes in the underlying incident in the event that he entered into the plea agreement on the federal charges and that the court imposed the proposed 20 year sentence. Consistent with the plea agreement between the parties, the

court imposed a sentence of 240 months imprisonment. (Plea Agreement, at 4).

The court will deny the defendant's motion, as it is clear that *Johnson* provides no basis for the relief sought. The defendant's sentence was not increased, as in *Johnson*, pursuant to any determination that he was a career offender under the Armed Career Criminal Act (ACCA) under § 924(e). Nor did the characterization of the prior offense* as a "crime of violence" play a role in the sentence actually imposed.

Rather, the defendant's sentence was imposed in light of U.S.S.G. § 2K2.1(c), which provides:

> (1) If the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition cited in the offense of conviction with knowledge or intent that it would be used or possessed in connection with another offense, apply–
> ....
>
> (B) if death resulted, the most analogous offense guideline from Chapter Two, Part A, Subpart 1 (Homicide), if the resulting offense level is greater than that determined above.

Here, the court applied the most analogous offense guideline, § 2A1.1, first degree murder. In addition, pursuant to § 5G1.2(d), the sentences for the two firearms counts were determined to run consecutively.

The facts of the case supported the application of these guidelines provisions. In the plea agreement, Olivas acknowledged that on September 12, 2005, he possessed a Midland 12 gauge shotgun, even though he had a prior felony conviction. He also knew that his accomplice, Zach Smith, was a user of controlled substance. He further agreed that he gave

2

the shotgun to Smith, and the two drove to the residence of Carrie Blake's house in Wellington, Kansas.

> Upon arrival at Carrie Blake's house, Timothy Olivas went to the front door and Zach Smith went in the back door with the shotgun. Timothy Olivas knocked on the front door, and was let into the residence. After Timothy Olivas had a short discussion with Carrie Blake in her bedroom, Timothy Olivas and Carrie Blake went to the area of the house closer to the back door, which was the kitchen. In the kitchen, Zach Smith shot Carrie Blake in the abdomen with the shotgun provided to Zach Smith by Timothy Olivas. Carrie Blake, wounded but still alive, ran into her bedroom. Zach Smith reloaded the single shot shotgun with ammunition that had been provided by Timothy Olivas. Carrie Blake fell in a walk through closet where Zach Smith shot Carrie Blake a second time, this time in the head. Carrie Blake died from the gun shot wounds..

(Dkt. 16, at 3). Olivas and Smith then left the residence, taking some methamphetamine and Blake's car. They were arrested later the same evening.

Because Olivas was appropriately sentenced under a binding plea agreement and pursuant to independent guidelines provisions, *Johnson* has no application to the sentence imposed.

The court further determines that the defendant has not made a substantial showing that he has been denied a constitutional right, as 28 U.S.C. § 2253(c)(2) requires. Accordingly, the court will deny a certificate of appealability.

IT IS ACCORDINGLY ORDERED this 8th day of September, 2016, that the defendant's Motion to Vacate (Dkt. 20) is hereby denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE