IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                              No. 07-10009-JTM

TIMOTHY OLIVAS,
    Defendant.

MEMORANDUM AND ORDER

After pleading guilty, Timothy Olivas was convicted in 2007 of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and disposing of a firearm to an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(d)(3). In exchange for this plea, the United States dismissed five other counts against Olivas in the Superseding Indictment. The court sentenced the defendant to 120 months imprisonment on each count, running consecutively. (Dkt. 18). He now seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing his health conditions and the danger presented by exposure to the COVID-19 virus.

Olivas states in his motion that he suffers from obesity, asthma, diabetes, and hypertension. As the government notes (Dkt. 38, at 3), Olivas has now served the vast majority of his 20 year sentence. He asks the Court grant him compassionate release with the added requirement that he serve one year home confinement in lieu of further imprisonment, followed by two years of supervised release. (Dkt. 37, at 1-2).

The defendant has the burden to show he should be released under § 3582. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Even if the defendant otherwise show that "extraordinary and compelling" reasons support a release, he must demonstrate that such a result is consistent with the sentencing factors set out in 18 U.S.C. § 3553(a).

The government acknowledges that Olivas suffers from hypertension, obesity, and diabetes, asthma but argues that the court cannot grant compassionate release outside the limits of the Sentencing Commission's Section 1B1.13 policy statement. (Dkt. 38, at 16-18). The court, however, has previously concluded that Section 1B1.13 does not preclude the court from independently determining that a prison inmate with medical conditions which substantially increase the risk of death from the COVID-19 virus may receive compassionate release. *See United States v. Pickard*, No. 00-40104-01-JTM, 2020 WL 4260634 (D. Kan. July 24, 2020). *See also, e.g., United States v. O'Bryan*, No. 96-10076-03-JTM, 2020 WL 869475, at *2 (D. Kan. Feb. 21, 2020) (court considering a § 3582 motion is guided by but not bound to prior policy statements); *United States v. Plank*, No. 17-20026-JWL, 2020 WL 3618858 (D. Kan. July 2, 2020) (granting compassionate release to inmate suffering from obesity and diabetes). The court finds no reason to alter this conclusion. The court concludes that that Olivas's medical conditions, combined with more recent information about the prevalence of the virus at FCI Schuylkill, warrant the finding that extraordinary and compelling reasons exist for the defendant's release.

The court must next consider whether the proposed reduction may occur consistent with the sentencing factors set forth in § 3553. Under the statute, the court in sentencing a defendant should consider (1) the nature of the offense and the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable Guideline sentence; and (6) the need to avoid unwarranted sentence disparities among similarly-situated defendants.

The government argues that release should not be granted, given the serious nature of the firearms charges involved. Of course, the government is correct[1] that the seriousness of the defendant's conduct alone may preclude a compassionate release which drastically reduces a sentence below that required by § 3553 — the undersigned recently reached the same conclusion in *United States v. Kaufman*, 2020 WL 4196467 (D.

---

[1] However, the cases cited (Dkt. 38, at 20-21) by the government are quite distinct from the present matter, involving either violence conduct which had resulted in death, *United States v. Logan*, No. 1:96-CR-20-TBR, 2020 WL 730879, at *3 (W.D. Ky. Feb. 13, 2020) (defendant seeking release "had been sentenced to life in prison for setting a hotel on fire, which ultimately killed four people and injured fifteen others"); *United States v. Arana*, No. 2:95-CR-80272-LJM-13, 2020 WL 2214232, at *6 (E.D. Mich. May 7, 2020) ("[i]n addition to large scale drug-trafficking, this case involves the ultimate violence—the taking of a human life"); or white collar criminals who had served barely half their original sentence. *United States v. Israel*, 2019 WL 6702522 (S.D.N.Y. Dec. 9, 2019) (defendant who created Ponzi scheme "stealing hundreds of millions of dollars from hundreds of victims" had served only 11 of original 20 years); *United States v. Moskop*, No. 11-CR-30077-SMY, 2020 WL 1862636, at *2 (S.D. Ill. Apr. 14, 2020) (defendant who "bilked over a dozen individuals, some vulnerable, of their life's savings" had less than half his 20 year sentence).

Kan. July 21, 2020) (finding release precluded by § 3553 given the particularly heinous nature of the underlying criminal conduct).

The court finds that release may be granted consistent with § 3553. Both counts of conviction relate to the September 12, 2005 possession of the Midland 12-gauge shotgun. As a felon, it was unlawful for Olivas to possess the gun, and it was unlawful for him to give the gun to a person he knew to be a drug user. These were indeed serious offenses, but the many years Olivas has served in prison is serious punishment. There is no allegation of death or serious injury arising from the offenses, and the defendant has served the vast majority of his sentence. The court concludes that the time the defendant has spent in prison fully accomplishes the goals of § 3553.

Accordingly, the defendant's sentence of imprisonment is hereby reduced to time served, with one-year term of home confinement, to be followed by two-years of supervised release.

IT IS ACCORDINGLY ORDERED this day of August, 2020, that the defendant's Motion for Release (Dkt. 33) is hereby granted as provided herein; his *pro se* motion for appointment of counsel (Dkt. 31) is denied as moot in light of the entry of appearance by the Federal Public Defender pursuant to the court's Standing Order.

*J. Thomas Marten*
J. Thomas Marten, Judge